UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re: | Case No. 20-46629 |
| THOMAS MATHER, | Chapter 7 |
| Debtor. | Judge Thomas J. Tucker |
| _____/ | |

**MEMORANDUM REGARDING CHAPTER 7 TRUSTEE'S PENDING MOTION FOR RECONSIDERATION OF THE COURT'S DISMISSAL OF THIS CASE**

  The Court dismissed this bankruptcy case, in an order entered on September 17, 2020 (Docket # 28). The Chapter 7 Trustee then filed a motion for reconsideration, asking the Court to reinstate the case (Docket # 29). That motion is scheduled for a hearing, to be held on September 23, 2020 at 9:00 a.m.

  The Court gives notice, to the Trustee, the Debtor, and all other parties in interest, that if the Court reinstates this case, the Court may enter an order containing provisions similar to those contained in the order the Court entered on June 24, 2019 in the case of *In re: Massey*, Case No. 19-41514 (at Docket # 34 in that case). The Court attaches a copy of the order from the *Massey* case, for reference.

**Signed on September 17, 2020**



/s/ Thomas J. Tucker
_____
Thomas J. Tucker
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                                                          Case No. 19-41514

NICOLE MASSEY,                                                                 Chapter 7

        Debtor.                                                                          Judge Thomas J. Tucker
_____/

**ORDER GRANTING, IN PART, THE TRUSTEE'S EX PARTE MOTION
TO EXTEND TIME FOR THE DEBTOR TO PAY THE FILING FEE**

        On May 22, 2019, after holding a hearing that was attended by the Debtor and her attorney, the Court entered an order entitled "Order Conditionally Dissolving Show Cause Order (Regarding Filing Fee)" (Docket # 30, the "May 22 Order"), which provided, in relevant part: "IT IS ORDERED that the Show-Cause Order is dissolved, on the following condition. **No later than June 21, 2019**, the Debtor must pay in full the remaining $110.00 unpaid amount of the filing fee for this case, or this case may be dismissed without further notice or hearing." (Emphasis in original). On June 19, 2019, the Chapter 7 Trustee filed a motion entitled "Ex Parte Motion to Extend Time to Pay Filing Fee" (Docket # 33, the "Motion"). The Motion expresses the fear that the Debtor might not pay the filing fee by the June 21 deadline, and states, in relevant part, that "[t]he Trustee does not wish this case to be dismissed, as he is actively pursuing an asset that he believes will have value to the estate." (Mot. at ¶ 8.) For this reason, the Motion seeks an extension of June 21, 2019 deadline for the Debtor to pay the $110.00 balance owing for filing fee. (*Id.* at ¶ 9.)

        The Debtor has not paid the $110.00 filing fee. Based on the Trustee's Motion, the Court finds good cause to grant an extension of the June 21 filing fee deadline, but only on the terms stated in this Order. Accordingly,

        IT IS ORDERED that the Trustee's Motion is granted, to the extent of the relief provided and on the terms stated in this Order, and otherwise is denied.

        IT IS FURTHER ORDERED that **no later than July 8, 2019**, the Debtor must pay in full the $110.00 balance owing for the filing fee for this case, or the Court will enter an order denying the Debtor a discharge under 11 U.S.C. § 727(a)(6)(a) and 11 U.S.C. § 105(a). *See also* Fed. R. Bankr. P. 1006.

        IT IS FURTHER ORDERED that after July 8, 2019, and if and when the Trustee recovers funds that are property of the bankruptcy estate in this case, and if and to the extent that the Debtor by then has not paid the filing fee in full, the Trustee must promptly pay the unpaid filing fee for this case, from the funds that are property of the bankruptcy estate. If the Trustee fails to comply with this paragraph of this Order, the Court may dismiss this case, without further

notice or hearing.

      IT IS FURTHER ORDERED that if and to the extent the Trustee is required to pay the filing fee under the terms of this Order, and does so, then (1) the Trustee will have an allowed administrative expense for the amount of such payment, under 11 U.S.C. § 503(b)(1)(A) (as an "actual, necessary cost[] and expense of preserving the estate");[1] and (2) the bankruptcy estate will have a claim against the Debtor for the filing fee amount paid by the Trustee.[2]

      IT IS FURTHER ORDERED that if this case is ever dismissed or closed without the filing fee having been paid in full, the Court will enter an order barring the Debtor from filing any new bankruptcy case unless and until the Debtor first has paid the filing fee for this case.

**Signed on June 24, 2019**



/s/ Thomas J. Tucker
Thomas J. Tucker
United States Bankruptcy Judge

---

[1] This is so because that such a required payment of the filing fee by the Trustee would be necessary for the Trustee to avoid being precluded from administering assets of the estate. Such preclusion would occur if the Court were to dismiss this case because of an unpaid filing fee.

[2] This is so because payment of the filing fee is the Debtor's obligation in the first instance.