UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                        Case No. 20-46629

THOMAS MATHER,                          Chapter 7

                 Debtor.                                  Judge Thomas J. Tucker
_____/

**ORDER DENYING DEBTOR'S MOTION
FOR RELIEF FROM ORDER DENYING DISCHARGE**

This case is before the Court on the Debtor's motion entitled "Motion For Relief From Order Denying Discharge," filed on October 8, 2021 (Docket # 52, the "Motion"), which this Court construes as a motion for reconsideration of, and for relief from, the Court's October 8, 2020 Order denying the Debtor's discharge (Docket # 37). The Court will deny the Motion, for the following reasons.

**First**, the Court finds that the Motion fails to demonstrate a palpable defect by which the Court and the parties have been misled, and that a different disposition of the case must result from a correction thereof. *See* L.B.R. 9024-1(a)(3) (E.D. Mich.).[1]

**Second**, the allegations in the Motion do not establish excusable neglect or mistake under Fed. R. Civ. P. 60(b)(1), or establish any grounds under Fed. R. Civ. P. 60(b)(5) or Fed. R. Civ.

---

[1] There was no error by the Court in entering the Order denying the Debtor's discharge. Nor does the Motion allege that there was. (To the extent the Motion can be construed to allege such an error, it is untimely, for the reasons stated in footnote 5 below.) The Court had authority to deny the Debtor's discharge, under 11 U.S.C. §§ 727(a)(6)(A) and 105(a). The Debtor's Motion does not dispute this. Under § 727(a)(6)(A), the Court may deny a discharge if "the debtor has refused, in the case . . . to obey any lawful order of the court, other than an order to respond to a material question or to testify; . . .." The Debtor refused to obey the Court's September 23, 2020 Order (Docket # 33), which ordered the Debtor to pay the $335.00 filing fee no later than October 7, 2020. And under § 105(a), the Court had authority to enter the Order denying discharge, as "necessary or appropriate to enforce or implement court orders."

P. 60(b)(6),[2] or any other valid ground, for relief from the order denying the Debtor's discharge.

Among other shortcomings, the Motion does not allege anything even approaching a valid excuse for the Debtor's failure to pay the $335.00 filing fee by the October 7, 2020 deadline set by the Court in its September 23, 2020 Order (Docket # 33). That Order was very clear about the deadline, and explicitly warned the Debtor that if he did not pay the filing fee by the deadline, "the Court will enter an order denying the Debtor a discharge . . . ." But the Debtor failed to comply.

The denial of discharge in this case occurred after the Debtor ignored repeated orders of this Court requiring the Debtor to pay the filing fee by a stated deadline, and after the Court repeatedly gave the Debtor additional time to pay the filing fee. From the beginning of this case, and at all times, the Debtor was represented by an attorney. The Debtor filed his voluntary bankruptcy petition on June 9, 2020. Under Fed. R. Bankr. P. 1006(a), the $335.00 filing fee was due to be paid on that petition date, unless the Court ordered otherwise. The Court denied the Debtor's application to pay the filing fee in installments (Docket # 6),[3] because of an error by the Debtor's attorney. But in doing so, the Court gave the Debtor until July 8, 2020 to pay the filing fee. *See* June 24, 2020 Order (Docket # 11).

When the Debtor failed to pay any of the filing fee by the July 8, 2020 deadline, the Court entered a show cause order (instead of dismissing the case then and there), and after the Debtor and his attorney both appeared at the show cause hearing on July 29, 2020, the Court gave the Debtor additional time to pay the filing fee, until September 15, 2020. *See* July 29, 2020 Order

---

[2] Federal Civil Rule 60(b) applies in this bankruptcy case, under Fed. R. Bankr. P. 9024.

[3] The Debtor never applied for a waiver of the filing fee.

(Docket # 18). *If* the Debtor had some misunderstanding originally, the Debtor could not possibly have misunderstood his obligation to pay the filing fee, after attending the hearing and after entry of the Court's July 29, 2020 Order. Both during the hearing and in the July 29, 2020 Order, the Court clearly stated that the Debtor had to pay the filing fee in full no later than September 15, 2020, and that the case would be dismissed if the September 15, 2020 deadline was missed.[4]

When the Debtor still failed to pay any part of the filing fee by the September 15, 2020 extended deadline, the Court dismissed this case, on September 17, 2020. (Order, Docket # 28). But the Court later reinstated this case, on a motion by the Chapter 7 Trustee, to accommodate the Trustee's desire to administer assets for the benefit of the creditors. *See* September 23, 2020 Order (Docket # 33). That is the order that gave the Debtor a final amount of additional time, to October 7, 2020, to pay the filing fee. The Debtor did not pay anything by that deadline, and the Court then denied the Debtor's discharge, as it had clearly said it would do in the September 23, 2020 Order. (This was the consequence the Court had chosen, and clearly warned the Debtor about, in the September 23, 2020 Order, because a dismissal of the case would have frustrated the Chapter 7 Trustee's efforts to administer assets for the benefit of creditors.)

In sum, the Court gave the Debtor three separate extensions of time, amounting to a total of four months (June 24, 2020 to October 7, 2020), to pay the filing fee, and the Debtor paid

---

[4] The audio recording of the July 29, 2020 hearing, which was held by telephone, is on file in this case at Docket # 19. The audio shows that the Debtor was present for the entire hearing. There was no mention during the hearing of any waiver of the filing fee. Rather, the Debtor's attorney (Terrance Hiller) merely asked the Court to extend the deadline for the Debtor to pay the filing fee, until September 15, 2020. The Court granted that request, and clearly stated during the hearing that if the Debtor failed to pay the filing fee by that deadline, the Court would dismiss this case. At the conclusion of the hearing, the Debtor thanked the Court.

nothing. Morever, the Debtor did not pay the filing fee until August 17, 2021, almost 14 months after it originally was due, and more than 10 months after the Court entered the October 8, 2020 Order denying the Debtor's discharge.

Under the circumstances, the Debtor's neglect, if it was neglect at all rather than a conscious decision not to pay the filing fee, cannot be considered excusable.

**Third**, the Motion is untimely. This is because (1) to the extent it is viewed as a motion for reconsideration, the Motion was not filed within 14 days after entry of the Order denying discharge; as required by L.B.R. 9024-1(a)(1) (E.D. Mich.); and (2) to the extent it is viewed as a motion under Fed. R. Civ. P. 60(b), the Court finds that the Motion was not filed "within a reasonable time," as required by Fed. R. Civ. P. 60(c)(1).[5] The Motion was filed a full year after the entry of the Order denying discharge. The Motion does not allege or demonstrate any reason, let alone a valid excuse, for this very long delay in filing the Motion.

**Fourth**, to the extent the Motion seeks relief based on Fed. R. Bankr. P. 60(b)(6), it must be denied because it fails to demonstrate grounds for relief under that rule. All of the following, which this Court stated in previous cases, applies equally well to this case:

> Under [Rule 60(b)(6)], relief is appropriate "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *In re Cassidy*, 273 B.R. 531, 537 (Bankr., N.D. Ohio 2002)(citing *Blue Diamond Coal Co. v Trustees of the UMWA Combined Benefit Fund*, 249 F. 3d 519, 524 (6th Cir. 2001)). "This is because 'almost every conceivable

---

[5] In addition, to the extent the Motion can be construed to allege a theory of "mistake" under Fed. R. Civ. P. 60(b)(1), based on an argument that this Court committed legal error when it denied the Debtor's discharge, the Motion is untimely. A motion making such an argument had to be filed no later than the deadline for an appeal from the October 8, 2022 Order denying discharge, and under Fed. R. Bankr. P. 8002(a)(1), that deadline was 14 days after entry of the October 8, 2020 Order — *i.e.*, October 22, 2020. *See In re Schulze*, 560 B.R. 303, 304 (Bankr. E.D. Mich. 2016) (citing Sixth Circuit cases).

4

ground for relief is covered' under the other subsections of Rule 60(b)." *Id.* (citing *Olle v Henry & Wright Corp.*, 910 F. 2d 357, 365 (6th Cir. 1990).

This case does not present such "exceptional or extraordinary circumstances." The circumstances here — an order entered by default due to [Debtor's] failure to timely file a response to a turnover motion — are addressed by Rule 60(b)(1), particularly the "excusable neglect" provision of Rule 60(b)(1), and Debtor has not made a showing of such "excusable neglect" under that rule.

In addition, cases have held that relief under Rule 60(b)(6) requires a showing not just of "extraordinary circumstances," but rather "extraordinary circumstances suggesting that [the party seeking relief] is faultless in the delay." *See Q Technology v. Allard* (*In re Trans-Industries, Inc.*), 2009 WL 1259991 (E.D. Mich., May 1, 2009) at *6 (citing *Pioneer*, 507 U.S. at 392-93). Not only are there no such "extraordinary circumstances" here, but also the Debtor is not "faultless in the delay."

*Conopco, Inc. v. Sadeshi-A* (*In re Sadeghi-A*), 597 B.R. 403, 410 (Bankr. E.D. Mich. 2019),

quoting *In re Schulze*, 560 B.R. 305, 308 (Bankr. E.D. Mich. 2016).

Accordingly,

IT IS ORDERED that the Motion (Docket # 52) is denied.

**Signed on November 9, 2021**



/s/ Thomas J. Tucker

**Thomas J. Tucker**
**United States Bankruptcy Judge**